# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FRANCISCO A. GARCIA, JR.,

        Petitioner,

vs.                                             Case No.:    3:17-cv-1270-MMH-JBT
                                                                                     3:16-cr-146-MMH-JBT

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This case is before the Court on Francisco A. Garcia, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and pro se memorandum (Civ. Doc. 2, Memorandum).[1] Garcia pleaded guilty to one count of conspiracy to commit aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 371 and 3261(a)(1). (See Crim. Doc. 80, Judgment). Garcia challenges his conviction based on two grounds of ineffective assistance of counsel. The United States has responded in opposition. (Civ. Doc. 5, Response). Garcia has filed a reply brief. (Civ. Doc. 6, Reply). Thus, the case is ripe for a decision.

---

[1]     Citations to the record in the underlying criminal case, United States vs. Francisco A. Garcia, Jr., No. 3:16-cr-146-MMH-JBT, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:17-cv-1270-MMH-JBT, will be denoted "Civ. Doc. __."

1

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons below, Garcia's § 2255 Motion is due to be denied.

## I. Background

The facts of the crime are set forth in the factual basis of Garcia's written Plea Agreement. (Crim. Doc. 45, Plea Agreement at 14-16). In April 2011, Garcia and two co-defendants, Angel Jackson and Sidney Conner, Jr., were dependents of and residing with members of the armed forces at Naval Air Station Sigonella ("NASSIG"), a United States Naval installation in Sigonella, Italy. Garcia was 18 years old at the time.

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

On or around April 15, 2011, Garcia and his codefendants conspired to commit aggravated sexual assault against H., a 13-year-old girl with whom Garcia was acquainted. At around 11:00 p.m. that evening, H. was babysitting in an apartment located in NASSIG. Garcia and H. exchanged text messages, and at Garcia's invitation, H. met Garcia and the codefendants outside the apartment. At a certain point, H. invited Garcia, Jackson, and Conner to come back inside the apartment, where they sat on an L-shaped couch. H. went to check on the infant she was babysitting, and after she returned, Garcia and the codefendants began touching H. and "tickling" her.

> This conduct quickly escalated as Garcia restrained H.'s legs as Conner restrained her wrists and Jackson sat on her abdomen. While Jackson and Conner restrained H., Garcia untied the drawstring of H.'s shorts and then removed her shorts and underwear. During this time, H. was struggling, kicking, and telling the defendants to "stop" and "get off." While H. was being restrained, Garcia then knowingly digitally penetrated H.'s genitals with the intent to arouse and gratify his sexual desire. Garcia also rubbed H.'s vagina with one hand while continuing to hold her legs with the other. Jackson then switched places with Garcia to allow Jackson to rub H.'s breasts and vagina through her clothing. Jackson and Garcia then restrained H. while Conner digitally penetrated her genitals with the intent to arouse and gratify his sexual desire. After several minutes, the defendants released H. and left the apartment residence.

Plea Agreement at 15-16; (Civ. Doc. 5-1, Plea Transcript at 46-47).

More than five years after the incident, on October 13, 2016, the United States filed an information against Garcia and his codefendants, charging them with conspiracy to commit aggravated sexual abuse of a minor, in violation of

3

18 U.S.C. §§ 371 and 3261(a)(1). (Crim. Doc. 16, Information). By that time, the United States and Garcia – who was represented by a federal public defender – had already negotiated a pre-indictment plea agreement and waiver of indictment, which were originally executed on April 7, 2016. See Response at 15; Plea Agreement at 11; (Crim. Doc. 17, Waiver of Indictment). On December 2, 2016, Garcia appeared before the Court, where he re-executed the waiver of indictment and pleaded guilty to the one-count Information. See generally Plea Transcript. Garcia, like his codefendants, also executed a waiver of the statute of limitations. Id. at 38-39; (Civ. Doc. 5-2, Waiver of Statute of Limitations). The Magistrate Judge who presided over the plea colloquy reported:

> After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted and that Defendant be adjudged guilty and have sentence imposed accordingly.

(Crim. Doc. 51, Report and Recommendation Concerning Plea of Guilty). The Court accepted Garcia's guilty plea and adjudicated him guilty of the single offense charged. (Crim. Doc. 55, Acceptance of Plea).

On March 6, 2017, the Court sentenced Garcia to a term of 30 months in prison, followed by a three-year term of supervised release. See Judgment. Garcia did not file a notice of appeal. This § 2255 Motion timely followed.

**II.     Discussion**

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)). The Supreme Court has recognized that a petitioner's claim that he received ineffective assistance of counsel in violation of the Sixth Amendment is properly brought in a collateral proceeding under § 2255. Massaro v. United States, 538 U.S. 500, 504 (2003).

To establish ineffective assistance of counsel, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally

5

deficient performance, and (2) that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether the petitioner has satisfied the first requirement, that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing Strickland, 466 U.S. at 688). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "'wide range of professionally competent assistance.'" Scott v. United States, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting Payne v. Allen, 539 F.3d 1297, 1315 (11th Cir. 2008)). In other words, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). To satisfy the second requirement, that counsel's deficient performance prejudiced the defense, the petitioner must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Martin, 949 F.3d at 667 (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes

6

an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n.1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

### A. Ground One

First, Garcia alleges that his federal public defender gave ineffective assistance by failing to seek dismissal of the "indictment" on statute-of-limitations grounds. § 2255 Motion at 7; Memorandum at 3-4. Garcia alleges that 18 U.S.C. § 3282(a), which imposes a five-year statute of limitations for charging non-capital offenses, applies to the offense charged in this case. Because the United States filed the Information more than five years after the offense occurred, Garcia alleges that the Information was untimely and counsel should have sought its dismissal.

This claim lacks merit and is refuted by the record. First, Garcia waived any statute-of-limitations defense or claim of pre-plea ineffective assistance when he knowingly and voluntarily pleaded guilty to the Information. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citation omitted). Thus, "[b]y pleading guilty, a defendant waives any ineffective assistance of counsel claim as it involved pre-

7

plea issues." Edwards v. United States, No. 17-10322-D, 2018 WL 3586866, at *1 (11th Cir. Jun. 4, 2018) (denying certificate of appealability) (citing Wilson, 962 F.2d at 997). See also Bullard v. Warden, Jenkins Corr. Ctr., 610 F. App'x 821, 824 (11th Cir. 2015) (petitioner waived claim that counsel was ineffective for not filing a motion to suppress where petitioner did not allege that counsel's failure rendered his guilty plea involuntary).

Notably, Garcia's "claim of ineffective assistance is not about his decision to plead guilty." Wilson, 962 F.2d at 997. Rather, he simply alleges that counsel should have moved to dismiss the Information as untimely. But this allegation has no bearing on the knowing and voluntary nature of his guilty plea. Indeed, Garcia specifically acknowledged the statute of limitations issue during the plea colloquy, and stated under oath that he knowingly and voluntarily waived the defense as part of his negotiated Plea Agreement. Plea Tr. at 38-39. Garcia further stated, under oath, that he had discussed available defenses with counsel and that he was satisfied with counsel's representation. Id. at 23-24, 53-54. The remainder of the plea colloquy demonstrates that Garcia knowingly and voluntarily waived indictment and pleaded guilty to the one-count Information. Id. at 12-19, 21-30, 32-57. In doing so, he waived any claim that counsel was ineffective for not moving to dismiss the charge on statute-of-limitations grounds.

Moreover, Garcia's claim is premised on the belief that the statute of limitations had expired, but that is not necessarily true. Title 18, United States Code, Section 3283 provides an extended statute of limitations for offenses "involving" the abuse of children. Specifically, 18 U.S.C. § 3283 states:

> [n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer.

18 U.S.C. § 3283. Although the Information did not formally cite one of the federal child sex abuse statutes, see, e.g., 18 U.S.C. §§ 2241(c), 2243, it charged Garcia with conspiracy under § 371 to commit aggravated sex abuse of a minor, see Information. The facts alleged in the Information, and later admitted by Garcia, were consistent with aggravated child sex abuse under § 2241(c)[4] and sex abuse of a minor under § 2243.[5] Thus, the charged offense arguably "involved" child sex abuse for purposes of 18 U.S.C. § 3283's extended

---

[4] The Information charged, and Garcia admitted, that (1) he knowingly engaged in a sexual act with H. by digitally penetrating her genitalia, (2) he and his codefendants forcibly restrained H. while they assaulted her, (3) H. was at least 12 years old but less than 16 years old at the time of the offense, (4) H. was at least four years younger than Garcia (who was 18 at the time), and (5) the acts occurred within the special maritime or territorial jurisdiction of the United States. Information at 2-4; Plea Agreement at 12-16; see also 11th Cir. Crim. Pattern Jury Instr. O79.4.

[5] The Information charged, and Garcia admitted, that (1) he knowingly engaged in a sexual act with H. by digitally penetrating her genitalia, (2) H. was at least 12 years old but less than 16 years old at the time of the offense, (3) H. was at least four years younger than Garcia, and (4) the acts occurred within the special maritime or territorial jurisdiction of the United States. Information at 2-4; Plea Agreement at 12-16; see also 11th Cir. Crim. Pattern Jury Instr. O80.

9

limitations period. See Weingarten v. United States, 865 F.3d 48, 58-60 (2d Cir. 2017) (rejecting claim that defense counsel was ineffective for failing to raise a statute-of-limitations defense to a sex trafficking charge under § 2423, observing that Congress meant to cast a wide net when applying § 3283 to any offense that "involves" child sex abuse, and concluding that a fact-based approach is plausible in determining whether § 3283 applies); United States v. Schneider, 801 F.3d 186, 195-97 (3d Cir. 2015) (rejecting defendant's argument that § 3283's extended statute of limitations applies only if sex abuse of a minor is an "essential ingredient" of the charged offense). Because the United States filed the Information within 10 years of when the offense occurred, the Information would have been timely under § 3283.

Finally, even if the Information's failure to formally cite a child sex abuse statute meant that the five-year statute of limitations applied, it was still in Garcia's best interests to waive the statute of limitations and plead guilty to the conspiracy charge under the Plea Agreement. Conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, carries no mandatory minimum sentence and a maximum sentence of five years in prison. In contrast, aggravated sexual abuse of a minor under § 2241(c) carries a mandatory minimum sentence of 30 years in prison, and sexual abuse of a minor under § 2243(a) carries a mandatory minimum sentence of 15 years in prison. The United States could have charged Garcia with either of these offenses, in which

10

case § 3283's extended statute of limitations certainly would have applied. Based on the facts admitted, Garcia stood a very strong chance of conviction of one of these serious crimes. However, under the Plea Agreement, the United States promised "not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this Plea Agreement." Plea Agreement at 3. Thus, the Plea Agreement and waiver of the statute of limitations spared Garcia from a 15- or 30-year potential mandatory minimum sentence and allowed him to plead guilty to an offense that carried a five-year maximum penalty. The Plea Agreement unquestionably benefited Garcia.

For all of these reasons, the Court finds that Garcia waived the allegation of ineffective assistance in Ground One through his knowing and voluntary guilty plea, and the claim is meritless anyway. As such, relief on Ground One is due to be denied.

**B. Ground Two**

Next, Garcia claims that counsel gave ineffective assistance by not seeking to dismiss the charge on the ground that the government violated his constitutional right to a speedy trial. § 2255 Motion at 8; Memorandum at 3-6. Garcia argues that the government violated his right to a speedy trial by unreasonably delaying the filing of the Information. According to Garcia, the

government waited five years to file charges in order to gain a tactical advantage – namely, to prosecute Garcia as an adult. Garcia points to a letter the government sent him in 2014 informing him of its intent to prosecute, which Garcia takes to mean that the government had the witnesses and facts available to charge the offense two years before it actually did so. Garcia claims that counsel should have sought to dismiss the Information with prejudice, and that she gave ineffective assistance by not doing so.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial …." U.S. Const., amend. VI. The speedy-trial safeguard "is activated only when a criminal prosecution has begun," United States v. Marion, 404 U.S. 307, 313 (1971), which occurs upon the filing of a formal indictment or information or "the actual restraints imposed by arrest," id. at 320. However, the Supreme Court has declined to extend the reach of the Sixth Amendment's speedy trial protection "to the period prior to arrest." Id. at 321. Under the Speedy Trial Act, if a defendant is arrested or served with a summons before he is charged, the United States must file an indictment or information within 30 days of the defendant being arrested or served the summons. 18 U.S.C. § 3161(b).

Garcia was never arrested or served a summons. Rather, the United States charged him by Information on October 13, 2016, and Garcia waived indictment on the same day. Garcia's initial appearance, arraignment, bond,

12

and plea hearing were then reset for December 2, 2016, at which time he pleaded guilty and posted bond. (Crim. Doc. 37, Unsecured Appearance Bond). Garcia remained free until his post-sentencing self-surrender date of April 17, 2017. See Presentence Investigation Report (PSR) (Crim. Doc. 75) at p. 1; Judgment at 2. In addition, Garcia entered a guilty plea only 50 days after the United States filed the Information. See 18 U.S.C. § 3161(c) (requiring that, absent excludable time, a defendant be brought to trial within 70 days of the defendant being charged by indictment or information). As such, Garcia's complaint regarding the delay in filing the Information does not implicate the Sixth Amendment's right to a speedy trial, nor were Garcia's rights under the Speedy Trial Act otherwise violated.

The delay in filing federal charges could, however, implicate a different right: the Fifth Amendment's right to due process. The statute of limitations is the main safeguard against the government bringing a stale criminal charge. Marion, 404 U.S. at 322. "But, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996). To have a charge dismissed based on unjustified pre-indictment (or pre-information) delay, a defendant must prove "1) that the delay caused actual prejudice to the conduct of his defense and 2) that the delay was the product of deliberate action by the

13

government designed to gain a tactical advantage." United States v. Benson, 846 F.2d 1338, 1341 (11th Cir. 1988) (citations and footnote omitted).

Here, Garcia has failed to show that the delay in filing the Information caused actual prejudice, or that it was the product of deliberate action by the government to gain a tactical advantage. For one, Garcia does not detail how he suffered "actual prejudice" other than the fact of his conviction. Second, Garcia's argument for how the government gained a tactical advantage is baseless. He asserts that the government waited to file the charge so that it could prosecute him as an adult. Memorandum at 5. But Garcia admitted, and the record establishes, that he was 18 years old when he committed the offense and that the victim was 13 years old at that time. See Plea Agreement at 14-16; see also PSR at p. 2 (reflecting Garcia's date of birth in 1992). Thus, the government acquired no tactical advantage in this respect by waiting to file charges. Because Garcia has failed to establish that the government unjustifiably delayed filing the Information, he has failed to establish that counsel gave ineffective assistance by failing to seek dismissal of the Information on that ground. Freeman v. Attorney General, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

In any event, Garcia waived this claim through his knowing and voluntary guilty plea. Wilson, 962 F.2d at 997. As previously noted, "[b]y pleading guilty, a defendant waives any ineffective assistance of counsel claim

as it involved pre-plea issues." Edwards, No. 17-10322-D, 2018 WL 3586866, at *1 (citing Wilson, 962 F.2d at 997). And, this "claim of ineffective assistance is not about his decision to plead guilty." Wilson, 962 F.2d at 997. Garcia acknowledged at the plea colloquy, under oath, that he had discussed available defenses with his attorney, that he waived any defenses by pleading guilty, and that he was satisfied with his attorney's advice and representation. Plea Tr. at 23-24, 53-55. Because Ground Two does not implicate the knowing and voluntary nature of Garcia's plea, he waived it by his decision to plead guilty. As such, relief on this ground is due to be denied.[6]

### III. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Garcia "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

---

[6] In the Reply brief, Garcia alleges for the first time that he was unaware that the victim was 13 years old, and that he had no reason to suspect that she was less than 16 years old. Reply at 2. However, Garcia waived any mistake-of-age defense through his guilty plea. Moreover, Garcia cannot amend the § 2255 Motion by raising new claims for the first time in a reply brief.

15

further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Francisco A. Garcia, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of the United States and against Garcia, and close the file.

3. If Garcia appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper

that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner

17